AFT Michigan et al v. State of Michigan et al
Case 4:06-cv-10612-PVG-SDP   Document 4   Filed 02/14/2006   Page 1 of 5
Doc. 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN, JANE DOE 1, and JANE
DOE 2,

                        Plaintiffs,        CIVIL CASE NO. 06-10612

v.

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF STATE POLICE, and
MICHIGAN DEPARTMENT OF EDUCATION,

HONORABLE PAUL V. GADOLA
U.S. DISTRICT COURT

                        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR TRO

Plaintiffs filed their complaint on February 10, 2006. Contemporaneously, Plaintiffs filed their motion for temporary restraining order ("TRO") and a motion for a "Temporary Injunction," which this Court construes as a request for a preliminary injunction. A hearing on the motion for TRO was held on February 13, 2006. For the following reasons, the Court will grant the motion in part by issuing a TRO.

**I.    Background**

Plaintiff AFT Michigan is a labor organization, the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Plaintiffs Jane Doe 1 and Jane Doe 2 are two employees of a Michigan Board of Education. Plaintiff AFT Michigan is bringing this action on behalf of its 35,000 members against Defendants State of Michigan, the Michigan Department of State Police, and the Michigan Department of Education.

This lawsuit concerns the implementation of a recent statute passed by the Michigan

Legislature, 2005 PA 130. 2005 PA 130 is part of several other recently enacted bills which require the immediate discharge of any school employee who has been convicted of an offense which would require their name to be posted on Michigan's Sex Offender Registration List. The statute also allows the discharge of employees who have been convicted of any other felony.

In preparation for the implementation of 2005 PA 130, a preliminary list was prepared by Defendants, containing the names of public school employees who are reported to have criminal records. The list was prepared by comparing and matching the names and social security numbers of public schools employees with those with criminal records. The list was then forwarded to local school boards for their review. Defendants admit that the list erroneously contains the names of public school employees who do not have criminal records.

Plaintiffs seek a TRO and a temporary injunction enjoining Defendants from releasing the Department of State Police list to anyone, and to require Defendants to recall any copies that have already been distributed.

## II.     TRO Standard

The issuance of a TRO is governed by Rule 65(b) of the Federal Rules of Civil Procedure, which states in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney **only if**
>
> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
>
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which

>have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).  The Supreme Court has stated that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (citation omitted).  *See also Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("This Court has stated that 'the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies,'" *citing Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959)).

**III.    Analysis**

Plaintiffs argue that the list is harmful to the several named public school employees who have never been convicted of any crime.  Plaintiffs argue that because of the language of 2005 PA 130, local school boards will be inclined to terminate any person on the list, even if they are innocent of a crime.  Therefore, Plaintiffs argue that irreparable injury will result to the innocent people named on the list because they will be terminated from their employment and will be unjustly labeled as felons.

Defendants allege that the erroneous list that has been distributed to local school boards is a preliminary list, and not the list envisaged by 2005 PA 130.  Therefore, Defendants argue that the employees who are falsely named as having criminal convictions will not suffer irreparable injury.

The Sixth Circuit has noted that "a plaintiff's harm is not irreparable if it is fully

compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Yet, "[a]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Id.* This Court finds that even though the current list is only a "preliminary" list, there is still danger of immediate and irreparable harm to Plaintiffs that cannot be fully remedied by money damages, as there is a very great likelihood that an innocent person named on the list will suffer an injury to their reputation and a possible discharge of employment.

Additionally, since it appears at this time that Defendants will suffer no loss or damage by reason of the issuance of this temporary restraining order, no bond or other security is required of Plaintiff.

**IV.    Conclusion**

**IT IS HEREBY ORDERED** that Plaintiffs' motion for TRO is **GRANTED**, in accordance with the conditions set forth in the TRO entered simultaneously with this order.

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiffs' motion for a preliminary injunction by February 21, 2006 and Plaintiffs may reply to Defendants' response by February 24, 2006.

.    **SO ORDERED.**

Dated: February 14, 2006 at 4:55 p.m.        s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on  February 14, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
            Mark H. Cousens                                                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            D. J. Pascoe                                                  .

                                                            s/Ruth A. Brissaud                
                                                            Ruth A. Brissaud, Case Manager
                                                            (810) 341-7845